REDACTED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION



-FILED-
JUN 28 2023
At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT |
| | ) | |
| v. | ) | Cause No. 1:23-CR-40 |
| | ) | Violation: 18 U.S.C. § 1343 |
| DORA T. BOYD | ) | |

## Background

1. At all times material to this Indictment:

    a. DORA T. BOYD (hereinafter "BOYD") resided in Fort Wayne, Allen County, Indiana.

    b. BOYD owned and operated Sowing Seeds Corporation, also known as Sowing Seeds Outreach, a small, domestic nonprofit corporation from Allen County, Indiana (hereinafter "SSO") which purported to assist with legal aid services to individuals located in the Northern District of Indiana.

    c. In December of 2020 and March of 2021, Congress passed legislation providing for the Emergency Rental Assistance Program (ERAP), which made funding available to assist households and individuals unable to pay rent or utilities during the COVID pandemic. The funds were provided directly to state and local governments for administration.

d. Applications for ERAP were submitted electronically via a website, with potential applicants needing to include their name, address, and rent overdue since March 13, 2020, along with a copy of their lease and their landlord's information. Approved applications resulted in checks being mailed out or direct deposited.

e. BOYD and SSO submitted applications to ERAP claiming to be the landlord for numerous tenants residing at various locations in the Northern District of Indiana.

## Scheme to Defraud

2. From on or about March of 2021, until on or about November of 2021, BOYD knowingly devised and intended to devise a scheme to defraud ERAP, and to obtain money by means of materially false and fraudulent pretenses from ERAP in the approximate amount of $402,303.17, with $166,292.00 being paid to BOYD for her personal benefit.

## Manner and Means Used to Accomplish the Scheme

3. It was part of the scheme that between March of 2021 to November of 2021, BOYD and SSO fraudulently submitted applications to the City of Fort Wayne's Landlord ERAP purporting to be the landlord or landlord's agent for numerous tenants when in fact there was no landlord/tenant relationship with the actual tenants. The fraudulent applications totaled an intended loss of $400,981.25 and resulted in $166,292.00 being paid out to BOYD and SSO. The actual tenants did not authorize BOYD to use their addresses to apply for

ERAP assistance or to collect ERAP payments, as no landlord/tenant relationship existed between BOYD, SSO, and the actual tenants.

    a. The unauthorized applications included thirty fraudulent applications purported to be on behalf of BOYD, SSO, tenants, and others unknown located in Fort Wayne, Indiana.

    b. The online applications were submitted and processed utilizing interstate wire communications by BOYD from Fort Wayne, Indiana, to and from the internet servers under a digital account located in Ohio.

4. It was part of the scheme that, to conceal her unauthorized activities, BOYD also submitted applications on behalf of additional tenants that did not in fact reside at the listed addresses, and BOYD submitted altered or false lease agreements and 1099 tax forms to show proof of residence in support of the applications.

**THE GRAND JURY CHARGES:**

<u>COUNTS 1-18</u>

From on or about March 16, 2021, and continuing until on or about November 30, 2021, in the Northern District of Indiana and elsewhere, for purposes of executing the above-described scheme and artifice to defraud,

DORA T. BOYD,

defendant herein, caused to be transmitted by means of wire communication in interstate commerce signals and sounds, to wit:

COUNT 1, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant S.W. for rent owed, in the amount of $5,250.00 on or about March 16, 2021;

COUNT 2, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant B.W. for rent owed, in the amount of $5,200.00 on or about March 16, 2021;

COUNT 3, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant M.R. for rent owed, in the amount of $6,695.00 on or about March 25, 2021;

COUNT 4, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant G.R. for rent owed, in the amount of $10,750.00 on or about May 3, 2021;

COUNT 5, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant B.F. for rent owed, in the amount of $6,975.00 on or about May 4, 2021;

COUNT 6, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant M.B. for rent owed, in the amount of $8,550.00 on or about May 4, 2021;

COUNT 7, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant Q.W. for rent owed, in the amount of $10,250.00 on or about May 24, 2021;

COUNT 8, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant A.E. for rent owed, in the amount of $10,000.00 on or about May 27, 2021;

COUNT 9, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant L.T. for rent owed, in the amount of $12,825.00 on or about May 27, 2021;

COUNT 10, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant N.B. for rent owed, in the amount of $6,750.00 on or about May 31, 2021;

COUNT 11, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant A.B. for rent owed, in the amount of $7,250.00 on or about June 23, 2021;

COUNT 12, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant R.S. for rent owed, in the amount of $12,597.00 on or about July 20, 2021;

COUNT 13, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant R.S. for rent owed, in the amount of $10,190.00 on or about August 1, 2021;

COUNT 14, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant B.W. for rent owed, in the amount of $3,100.00 on or about August 17, 2021;

COUNT 15, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant M.H. for rent owed, in the amount of $18,580.00 on or about August 17, 2021;

COUNT 16, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant D.G. for rent owed, in the amount of $13,800.00 on or about August 30, 2021;

COUNT 17, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant D.H. for rent owed, in the amount of $17,530.00 on or about October 4, 2021;

COUNT 18, authorization for an application to the Emergency Rental Assistance Program purported to be on behalf of tenant A.W. for rent owed, in the amount of $17,600.00 on or about November 30, 2021;

All in violation of 18 U.S.C. § 1343.

# FORFEITURE ALLEGATION

1. The allegations contained in the sole Count of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 alleged in the Indictment, the defendant, DORA T. BOYD, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. Upon conviction of an offense set forth in this Indictment, the government will seek a money judgment in the amount of proceeds received for the defendant's participation in the alleged offense.

4. The property to be forfeited includes, but is not limited to:

A sum of money equal to $166,292.00 in United States Currency, representing the amount of proceeds obtained as a result of the offense in this Indictment.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the existence of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code Section 853(p) as incorporated by Title 28 United States Code, Section § 2461(c).

A TRUE BILL

/s/ Foreperson
Foreperson

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

By:   /s/ Brent A. Ecenbarger
      Brent A. Ecenbarger
      Assistant United States Attorney